SHATZ CANTOW REALTY CO., Inc., v. GOODMAN et al.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

COURTS (§ 189*)—MUNICIPAL COURT—DEFAULT—SETTING ASIDE.

　　Where a trial in the Municipal Court was, on defendants' application, adjourned from March 6th to the morning of March 9th, and again to the afternoon, when defendants asked an adjournment on the ground that one of their attorneys was a witness in a trial in the Supreme Court and one of the defendants was a witness in a case in New Jersey, but the attorney's engagement had ceased two hours before the trial, and the absent defendant knew nothing that would establish any defense, there was no ground for opening a default.

　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Shatz Cantow Realty Company, Incorporated, against Edmund L. Goodman and another. Defendants' motion to open default denied, and they appeal. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Ernst, Lowenstein & Cane, of New York City (Melville H. Cane, of New York City, of counsel), for appellants.

Meyer Levy, of New York City, for respondent.

GUY, J. This action is in conversion to recover moneys wrongfully collected and retained by defendants for the month of February, 1914, from tenants of an apartment house, which house had been in

charge of defendants, as agents of a duly appointed receiver, who, before the collection of the rents in question, had been ousted of possession by foreclosure sale.

The answer contains a denial of any knowledge or information of the existence of the lease from the purchaser under foreclosure to plaintiff, which lease was duly recorded on January 31, 1914. There are also allegations that the defendants were entitled to collect the February rents by virtue of their prior employment by Quigley, the receiver of the premises; also that they were the agents for Correll, the new owner (apparently for one day in January only). It is undisputed that on January 31st the receiver notified defendants in writing that the apartment house had been conveyed to Correll, that his authority as receiver had terminated, and notified defendants to collect no further rents for his account.

The default was taken under these circumstances: The action was reached for trial on March 6th, when, upon the defendants' application, it was peremptorily adjourned to March 9th. On the morning of March 9th, it was again adjourned till 2 p. m., when, defendants and their attorneys being still unready, an inquest was taken. Defendants' asked for an adjournment, on the ground that one of their attorneys was engaged as a witness in a trial before Mr. Justice Philbin, and on the further ground that Hershfield, one of the defendants, was subpœnaed as a witness in a. homicide trial in New Jersey. But it is nowhere shown that Hershfield had knowledge of a single fact which would establish any defense under. the pleadings.

As to the alleged engagement of the attorney, he, the attorney in question, who appeared for defendants on this appeal, admitted in open court that his alleged engagement in a court of record had ceased at 12 o'clock noon, two hours before the hour set for trial of this cause in the Municipal Court.

No ground for opening the default has been shown.

Order affirmed, with costs. All concur.